# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TWAYLLA TAITAGUE and CHARLES TAITAGUE, | CIVIL CASE NO. CV0559-19 |
| Plaintiffs, | **DECISION AND ORDER** Plaintiff's Motion for Declaratory Judgment and Permanent Injunction; |
| vs. | Defendant Guam Regional Medical City's Motion to Dismiss or In the Alternative Stay Proceedings |
| GUAM REGIONAL MEDICAL CITY, KATRINA IBONIA and JOHN DOE INSURANCE COMPANY, | |
| Defendants. | |

## Introduction

The matters before the court are twofold: (1) Defendant Guam Regional Medical City's (Defendant GRMC or GRMC) Motion to Dismiss or In the Alternative Stay Proceedings and (2) Plaintiffs' Twaylla Taitague and Charles Taitague (Plaintiffs or Taitagues) Motion for Declaratory Judgment and Permanent Injunction, both of which the court took Under Advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam.[1] Having reviewed the record and the law, the Court now issues this decision and order DENYING

---

[1] Although briefing on the issues at bar had concluded by March 16, 2020, the closure of the Judiciary of Guam on March 17, 2020 until mid-June, 2020 pursuant to the several Administrative Orders of the Guam Supreme Court delayed the court's adjudication of the pending motions. The Motion to Dismiss or in the Alternative Stay Proceedings had been scheduled to be heard by the court on April 29, 2020; similarly, the Motion for Declaratory Judgment and Permanent Injunction was to be heard on the same day. *See, CVR 7.1 Form 3* filed by the court and served upon the parties on February 21, 2020. Both hearings were vacated in compliance with the Executive Order issued by the Governor of Guam relative to the declaration of a public health emergency as well as Administrative Order of the Guam Supreme Court ADM20-210 and subsequent Administrative Orders through the current Eleventh Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus), ADM2020-413. Plaintiff requested that the court take the matter under advisement or set it for further proceedings. In the interest of expediting the resolution of the pending motions, the court took the matter Under Advisement on July 29, 2020.

*Taitague v. Guam Regional Medical City, Katrina Ibonia and John Doe Insurance Co.*; CV0559-19
Decision and Order Re. Plaintiff's Motion for Declaratory Judgment and Permanent Injunction
Defendant's Motion to Dismiss or In the Alternative To Stay
Page 1 of 7

Plaintiffs' Motion for Declaratory Judgment and Permanent Injunction and GRANTING Defendant GRMC's Motion to Dismiss and further Orders this matter Dismissed without Prejudice.

## Background

The Taitagues filed their Complaint and Jury Demand for Damages, Declaratory Judgment and Permanent Injunction on May 8, 2019, seeking declaratory and injunctive relief with respect to the application of Guam's Medical Malpractice Mandatory Arbitration Act (MMMAA), general damages for the wrongful death of their 6-day old infant Baby Faith, in the amount of Eleven Million Dollars (US$11,000,000.00); medical, incidental and funeral expenses in an amount to be proven; damages for the negligent infliction of emotional distress upon Plaintiff Twaylla; costs of suit, and further relief as deemed just and proper. *Complaint* at 11-12, ¶¶ 1-7 (May 8, 2019). No answer has been filed; however, on June 10, 2019, Plaintiffs and GRMC entered into a Stipulation acknowledging service of the Summons and Complaint, agreeing to delay the time for GRMC to file and Answer or other responsive pleading and exploring mediation and settlement. *Stipulation* (June 10, 2019). It is not clear from the record whether Defendant Katrina Ibonia has been served a copy of the Summons and Complaint and Defendant Ibonia has not entered an appearance in this lawsuit.

On June 21, 2019, the court informed the parties via Memorandum dated June 20, 2019, of the availability of a settlement judge to facilitate settlement discussions and hold settlement conference pursuant to CVR 16.6 of the Local Rules of the Superior Court of Guam. Plaintiffs requested referral of the case to a settlement judge on November 20, 2019; however, on December 3, 2019, Plaintiffs withdrew the request "in light of the Court's revelation that referral of this case to Settlement Conference would likely stay the proceedings herein." *Plaintiff's*

*Taitague v. Guam Regional Medical City, Katrina Ibonia and John Doe Insurance Co.*; CV0559-19
Decision and Order Re. Plaintiff's Motion for Declaratory Judgment and Permanent Injunction
Defendant's Motion to Dismiss or In the Alternative To Stay
Page 2 of 7

*Withdrawal of Request for Settlement Conference Pursuant to CVR16.6* (Dec. 3, 2019). The court ordered the parties to submit their Proposed Discovery Plan and Scheduling Order on December 4, 2019. On January 24, 2020, Defendant filed its Motion to Dismiss. On January 27, 2020, Plaintiffs filed their Motion for Declaratory Judgment and Permanent Injunction.

The gravamen of Plaintiff's Motion to Dismiss is the court's lack of subject matter jurisdiction over this medical malpractice tort claim, which is preempted by the Guam MMMAA. Alternatively, if dismissal does not issue, Defendant seeks a stay of the proceedings, pending the arbitration. The basis of Plaintiffs' declaratory and injunctive relief lies in a challenge to the constitutionality of the MMMAA. Plaintiffs assert that the MMMAA is "prohibitively expensive" and as such, the mandatory arbitration provisions of the MMMAA violate the Plaintiffs' "constitutionally guaranteed rights pursuant to the Due Process, Equal Protection and Privileges and Immunities Clauses of the Organic Act of Guam and the United States Constitution." *Pl.'s Mem. of Pts. and Auth. In Support of Mot. for Decl. Judgment and Permanent Injunction* at pp. 2, 6. Although Defendant's Motion to Dismiss precedes Plaintiffs' Motion to Dismiss in time of filing, the court finds it necessary to address Plaintiffs' Motion as a threshold matter. It must be noted that other than serving a Petition and Demand For Arbitration on all defendants on May 8, 2019, Plaintiffs admit that no other actions have been taken by them in furtherance of the mandatory arbitration set forth in Title 10, Guam Code Annotated, Chapter 10. *Pl.'s Mot.* at p. 2.

//

//

//

//

*Taitague v. Guam Regional Medical City, Katrina Ibonia and John Doe Insurance Co.*; CV0559-19
Decision and Order Re. Plaintiff's Motion for Declaratory Judgment and Permanent Injunction
Defendant's Motion to Dismiss or In the Alternative To Stay
Page 3 of 7

# DISCUSSION

## I.    GUAM'S MMMAA DOES NOT VIOLATE CONSTITUTIONAL RIGHTS

The Guam Medical Malpractice Mandatory Arbitration Act is found in Title 10, Guam Code Annotated, Chapter 10.[2] Section 10102 of the MMMAA provides as follows:

§10102. Mandatory Arbitration

Any claim that accrues or is being pursued in the territory of Guam, whether in tort, contract, or otherwise, *shall be submitted to mandatory arbitration* pursuant to the terms of this Chapter if it is a controversy between the patient, his relatives, his heirs-at-law or personal representative or any third party or other party, and the health professional or health care institution, or their employees or agents, and is based on malpractice, tort, contract, strict liability, or any other alleged violation of a legal duty incident to the acts of the health professional or health care institution, or incident to services rendered or to be rendered by the health professional or health care institution.

10 G.C.A. § 10102 (emphasis added). Plaintiffs contend that the MMMAA legislation imposes upon plaintiffs in a medical malpractice claim to "costly, forced and un-consented arbitration upon plaintiffs as a precondition to their access to the courts [and, therefore,] runs afoul of their constitutionally and organically guaranteed fundamental rights." Plaintiffs contend that the constitutionality of this statute which has withstood many challenges in nearly thirty (30) years since it replaced the earlier unconstitutional statutory scheme is "still up for debate." That only a single Guam Supreme Court case, *Villagomez-Palisson v. Superior Court*, 2004 Guam 13, has addressed the mandates set forth in the MMMAA and was limited only to the ruling that it did not violate the separation of powers doctrine lends credence to the opinions of the trial courts that the MMMAA is not unconstitutional. *See, e.g., Cruz v. Guam Healthcare Development Inc., dba Guam Regional Medical City, and John Does 1-10, Civil Case No. CV0029-18,* DECISION AND ORDER: Defendant's Mot. to Dismiss or in the Alternative to Stay (Sukola, J.)(June 19, 2018)(granting GRMC's Motion to stay the proceedings and finding that the plaintiff's rights of

---

[2] It is noteworthy that the Compiler of Law's comments indicate that the previous Chapter had been repealed and reenacted by Public Law 21-43 (Sept. 18, 1991) after it had been declared unconstitutional in *Awa v. Guam Memorial Hospital Authority,* 726 F.2d 594 (1984).

*Taitague v. Guam Regional Medical City, Katrina Ibonia and John Doe Insurance Co.*; CV0559-19
Decision and Order Re. Plaintiff's Motion for Declaratory Judgment and Permanent Injunction
Defendant's Motion to Dismiss or In the Alternative To Stay
Page 4 of 7

access to courts and to trial by jury are not infringed upon because the plain language of the MMMAA "expressly contemplates preservation of both rights").

Although not addressing constitutional challenges to the MMMAA, in a recent concurring opinion in *Allen v. Richardson,* 2020 Guam 13, Associate Justice Katherine Maraman, indicated that the statute's application of "malpractice" should be expanded to extend to a tort of "medical battery" and, as relevant to the case at bar, restated the validity and importance of the MMMAA. In her concurring opinion, Justice Maraman recognized the inherent problems with the MMMAA's precursor legislation and, derivatively, the importance of the arbitration provisions, stating as follows:

> The import of this statute is clear: it applies to all tort claims—both negligent and intentional—between a patient and health care provider, including claims that medical care was provided without appropriate consent. The MMMAA's legislative history and its precursor legislation support this interpretation. In 1975, Guam enacted the Medical Malpractice Claims Mandatory Screening and Mandatory Arbitration Act. See Guam Pub. L. 13-115:2 (Dec. 23, 1975) (originally codified as Guam Gov't Code § 9990 et seq. (1977)). This predecessor legislation, however, was found to be unenforceable in *Awa v. Guam Memorial Hospital Authority,* 726 F.2d 594, 596 (9th Cir. 1984). The legislature responded to the Awa decision several years later by passing Guam Public Law 21-043 (Sept. 18, 1991). This Act repealed the predecessor act in its entirety, see id. § 1, and replaced it with the MMMAA, see id. § 2. And while "the legislature did not include a statement of purpose or policy when enacting the [MMMAA]," we have observed that the MMMAA "was passed as a result of the perceived problem associated with the increase in the cost of malpractice insurance, and even its unavailability." Villagomez-Palisson, 2004 Guam 13 ¶¶ 29–30. Other courts have relied on similar policy reasons for applying mandatory arbitration statutes to both intentional and negligence-based torts. See, e.g., City & Cnty. of Honolulu, 6 P.3d at 372; Herrera, 204 Cal. Rptr. at 556–58. Hawaiian courts, for example, have found that a similar policy concerns counsel in favor of reading mandatory arbitration provisions "to maximize the [mandatory arbitration] process as a tool to screen, settle, limit, and/or streamline potential lawsuits arising out of health-care-related claims." Lee v. Haw. Pac. Health, 216 P.3d 1258, 1267 (Haw. Ct. App. 2009).

*See also, Soumwei v. Guam Healthcare Development, Inc.,* Civil Case No. CV0584-17 (Perez, J.)(granting in part GRMC's Motion to Dismiss for lack of subject matter jurisdiction).

*Taitague v. Guam Regional Medical City, Katrina Ibonia and John Doe Insurance Co.;* CV0559-19
Decision and Order Re. Plaintiff's Motion for Declaratory Judgment and Permanent Injunction
Defendant's Motion to Dismiss or In the Alternative To Stay
Page 5 of 7

Plaintiffs indicate in their moving papers that the "inequities presented by the MMMAA" were addressed at recent legislative hearings. *Plaintiffs' Mot.* at p. 4. It would appear to be a prudent course of action for parties who wish to challenge the perceived inequities of the law to seek redress from the legislative body which has enacted it, rather than from courts which are constrained by the plain language of the law. In this case, the plain language of the law mandates Plaintiffs' claims be submitted to mandatory arbitration. 10 G.C.A. § 10102 (2017).

## II. DISMISSAL IS APPROPRIATE DUE TO LACK OF SUBJECT MATTER JURISDICTION.

This court has previously dismissed a medical malpractice claim which failed to comply with the mandates of the MMMAA. ). In *Manibusan v. Guam Healthcare Development Inc., dba Guam Regional Medical City,* Civil Case No. CV1165-17 (March 23, 2018) this court granted Defendant's Motion to Dismiss for lack of subject matter jurisdiction. Although the Defendant in this case seeks to dismiss the Plaintiffs' constitutional challenges for failure to state a claim, *Mot.* at 2, the court has addressed the constitutionality of the MMMAA, *supra,* and therefore denies the Plaintiff's motion as moot. With respect, however, to the dismissal of the Complaint based upon this court's lack of subject matter jurisdiction, the court finds that the provisions of the MMMAA preempt this court's jurisdiction to adjudicate the matter; therefore, dismissal without prejudice is proper.

Rule 12(b)(1) provides the basis for dismissing a civil action for the lack of jurisdiction over the subject matter. Guam R. Civ. P. 12(b)(1). Jurisdiction is a threshold issue and any motion challenging a trial court's jurisdiction over a matter may be dispositive of the entire case. *See Petition of Quitugua v. Flores,* 2004 Guam 19 ¶31. Under 10 G.C.A. § 10102, malpractice claimants are required to submit their claims to arbitration *prior to* bringing a court action. *Villagomez-Palisson v. Superior Court,* 2004 Guam 13, ¶¶ 8-9, 34 (emphasis added). Hence, if a claimant fails to first arbitrate is medical malpractice claims, the Court does not have subject matter jurisdiction. Plaintiff served the Petition for Arbitration upon defendants; however, defendants argue that "does not identify any arbitration association and was not filed with any

*Taitague v. Guam Regional Medical City, Katrina Ibonia and John Doe Insurance Co.*; CV0559-19
Decision and Order Re. Plaintiff's Motion for Declaratory Judgment and Permanent Injunction
Defendant's Motion to Dismiss or In the Alternative To Stay
Page 6 of 7

association as required under the Act. It was not a cognizable demand under the Act and GRMC was therefore not required to respond to this bare document which has no legal import." *Mot.* at 1. Because the Plaintiffs have failed to take any substantive steps toward arbitration as mandated under the MMMAA but sought, in the first instance, to have this court adjudicate the matter despite the overwhelming case authority to the contrary, the court finds that a stay of this matter is not warranted and would serve only to further encourage litigation in the courts, in contravention of the declared intention of the legislature by enacting the MMMAA.

## Conclusion

Based on the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Declaratory Judgment and Permanent Injunction and GRANTS Defendant's Motion to Dismiss the matter. The record establishes that the Plaintiffs, by their own admission, have done nothing other than to serve the Petition and Demand for Arbitration on all defendants. Failing its obligation to pursue arbitration as mandated under the MMMAA and because of this court's lack of subject matter jurisdiction, IT IS HEREBY ORDERED that the matter is DISMISSED without prejudice.

SO ORDERED this _____ OCT 27 2020 _____.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

*Taitague v. Guam Regional Medical City, Katrina Ibonia and John Doe Insurance Co.*; CV0559-19
Decision and Order Re. Plaintiff's Motion for Declaratory Judgment and Permanent Injunction
Defendant's Motion to Dismiss or In the Alternative To Stay
Page 7 of 7